## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MICHAEL DEAN CARROLL, # L1925**                                 **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO. 3:18cv518-TSL-RHW**

**SUPERINTENDENT RON KING and**
**CHIEF SEAN SMITH**                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the court sua sponte. Pro se plaintiff Michael Dean Carroll is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the conditions of his confinement. The court has considered and liberally construed the pleadings. As set forth below, Defendant Ron King is dismissed.

### BACKGROUND

Carroll is housed at the Central Mississippi Correctional Facility where Defendant Ron King is the Superintendent. Defendant Sean Smith is employed as the Chief of MDOC's Criminal Investigations Division ("CID").

Carroll alleges that on April 11, 2018, he was sexually assaulted by his cellmate. Afterwards, Carroll claims he reported it to "CID" and Warden Fillyat. (Resp. Ex. at 2). According to Carroll, the CID investigator and Warden both told him he would be moved away from his attacker, but they put

Carroll back on the same zone with him.  Carroll wrote a grievance the following June asking to be moved, and the grievance was given to Chief Smith.

Carroll filed this Complaint under 42 U.S.C. § 1983, bringing Eighth Amendment claims against King and Smith.  Carroll seeks damages and injunctive relief.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding <u>in forma pauperis</u> in this court.  The statute provides in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record

even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Carroll to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under § 1915.

Carroll sues King for an alleged failure to protect him from an attack. "A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). For a failure to protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Carroll does not allege any facts against King, other than the fact that he is the prison's Superintendent. Carroll does not suggest that King was aware of either a substantial risk of

3

violence against Carroll, or that his cellmate was a danger. Therefore, Carroll fails to state a claim against King upon which relief can be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claim against Defendant Superintendent Ron King should be, and is hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 30th day of October, 2018.

                        /s/Tom S. Lee
                        UNITED STATES DISTRICT JUDGE